Mr. Justice Scott delivered the opinion of the Court. Although it, appears by the final decretal order that this case was heard and determined in the court below on the bill and answer only, we do not think that the appellant is entitled to any benefit from the rule, that when a case is so heard the answer must be taken as true, whether responsive to the bill or not. Because, inasmuch as at the term next preceding that of the final hearing the record shows that a replication in short by consent was actually filed; and therefore we should supply its omission in the final decretal order by intendment. All the material allegations of the bill were denied by the answer of Fleming Jordan filed in his lifetime, except that which sets up the equitable interest of Donaldson Walker in the judgment at law and to this a demurrer was interposed. After the death of Fleming Jordan his demurrer was overruled and the answer of the appellant as Ms administrator was filed. This, although evasive and liable to exception, is nevertheless sufficient in connection with that of his intestate to put the appellee to appropriate proof of this alleged equitable interest. All the material allegations of the bill then were at issue, and it was consequently incumbent upon the complainant to sustain his case by proof to entitle him to any relief. He failed however to offer or produce any evidence whatsoever, resting his claim alone, as to evidence, upon the decree in his favor, pro-confesso, against Donaldson Walker, the non-resident defendant, taken upon proof of publication under our statute. The most that can be made of this decree pro-confesso is, thatit is an admission by Walker that all the allegations, which compose the gravamen of the complainant’s bill, are true. But this can avail nothing against the defendant Jordan, because this admission is not made before but after the assignment by Walker of the promissory note which is the foundation of the judgment at law. State vs. Jennings, use of Bettison, 5 Eng. at p. 447. Turner ad. vs. Macksberry, 3 J. J. Marsh, at p. 627. 3 Randolph 214. 3 Munf. 136, and the case of Cunningham’s heirs vs. Steele, 1 Litt. Rep. p. 52, which latter is strongly in point. Although such admissions might affect Walker as between him and complainant, they could not affect the interest of Jordan, who had so answered as to require proof as to the matters so admitted by Walker. Because it would be unjust that even the statements of a party (much less his silence when he had no actual notice of the proceedings against him) should be evidence against one who had had no opportunity for cross examination. (12 Ves. 355. 2 Tuck. Lee. 494.) For a like reason, if a bill be taken pro-confesso against a fraudulent grantor, yet no inference can be drawn (from that implied admission of the fraud) against the grantee. (2 John. C. C. R. 43.) In such cases the complainant may avail himself of the evidence of such defendants, to be taken by order of court on due notice and subject to all just exception, unless such defendants demur as to matters in which they may be interested. Ambler 583. Gilmer Rep. 149. 2 Atk. 228. 3 Atk. 401. 2 Mad. 316. The final decree then in this case rests upon no foundation at all and must be reversed. And as the complainant seeks no relief against Donaldson Walker, otherwise than through his alieged superior equity to that of the defendant Jordan, and having wholly failed to show such, his bill of complaint must be dismissed with costs (without prejudice however as to his alleged demands against the defendant Walker) that the defendant Jordan may have the full benefit of his judgment at law.